IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-40021 |
| | ) | |
| Thomas Gale, | ) | Proceeding in Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Robert Gale, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-4025 |
| | ) | |
| Thomas Gale, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION**

This matter is before the Court on a Motion for Summary Judgment ("Motion") filed by the plaintiff, Robert Gale, and on the Objection to the Motion filed by the defendant, Thomas Gale. The Court, having reviewed the written memoranda and being otherwise fully advised in the premises, finds as follows:

The plaintiff and the debtor/defendant are brothers. Their mother, Myrtle Gale, created a trust on June 1, 1988 and named the defendant, Thomas Gale, as trustee. The trust directed that upon Mrs. Gale's death, the trustee was to distribute the trust proceeds to himself, Robert Gale and Susan Kelly, the parties' sister. After the death of Mrs. Gale, the plaintiff filed a complaint for an accounting against the defendant for his acts as trustee of the Myrtle E. Gale Trust in Jackson County, Illinois. The state court complaint also sought judgment against the defendant for any sums due the plaintiff. The accounting showed distributions to Thomas Gale of $45,000.00 and to Susan Kelly of $65,000.00. No distribution was made to Robert Gale. On

October 4, 2007, an agreed order was executed by the state court judge wherein the defendant was ordered to sign a Release of Deed of Trust for real estate in Los Angeles, California. The defendant was further ordered to pay the plaintiff $30,000.00, although this could be satisfied by payment of $25,000.00 if the sum was paid within one year of the date of the order.

On January 8, 2009, the defendant filed a Chapter 13 petition listing the plaintiff as an unsecured creditor. The plaintiff filed the instant complaint to determine the dischargeability of a debt on April 2, 2009. The complaint was brought under 11 U.S.C § 523(a)(4) which provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> …
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4).

The plaintiff now moves for summary judgment on his complaint.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> [T]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

*Fed.R.Civ.P. 56(c).*

The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 252, 256, 106 S.Ct. 2505, 2514 (1986). There is no

genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).  In ruling on a motion for summary judgment, the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Household Commercial Financial Services, Inc. v. Trump*, 863 F.Supp. 735, 739 (N.D. Ill. 1994) citing *Anderson*, 477 U.S. at 255.  Once the moving party has demonstrated the absence of any genuine factual issues, the nonmoving party may not merely rest upon the allegations or denials in its pleading but must present specific facts showing that a genuine issue exists for trial. *Zayre Corporation v. S.M. & R. Co., Inc.*, 882 F.2d 1145, 1148 (7th Cir. 1989).

To establish that a debt due to defalcation is nondischargeable under § 523(a)(4), the plaintiff must prove that 1) an express trust existed, 2) the defendant's debt was caused by fraud or defalcation, and 3) the defendant acted as a fiduciary to the creditor at the time the debt was created. *In re Hodges*, 115 B.R. 152, 155 (S.D. Ill. 1990).  The plaintiff here argues that all of the elements required for a finding of nondischargeability were proved at the state court level, and that collateral estoppel precludes the defendant from relitigating this matter.

For collateral estoppel to preclude the relitigation of issues, four requirements must be met.  The issue sought to be precluded must be the same as that involved in the prior action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987).  The issue must have been actually litigated. *Id*.  The party against whom estoppel is invoked must have been represented in the prior action, and finally, the determination of the issue must have been essential to the final judgment. *Id*.

Three of those requirements are easily satisfied here. The issue in the instant case is the same issue that was before the state court. There, as here, the plaintiff alleged that the defendant, while acting as the trustee of his deceased mother's trust, acted contrary to the trust's intent and failed to distribute money due the plaintiff. The determination of that issue was essential to the final agreed order entered into by the parties, and the defendant was represented by counsel in the prior action.

Whether the issue was actually litigated is not as clear. The plaintiff relies on *Klingman* to support his argument that stipulations entered into as part of a consent judgment satisfy the "actually litigated" requirement. In *Klingman*, the plaintiff brought an adversary proceeding against the debtor, alleging that the debt, which was based on a state court consent judgment, was nondischargeable as a debt for fraud or defalcation while acting in a fiduciary capacity. *Id*. at 1293. The Court noted that the consent decree entered into between the parties specifically provided that the debt owed to the plaintiff would "not be dischargeable in any bankruptcy or similar proceeding and that in any subsequent proceeding all of the allegations of the Complaint and findings of this Court may be taken as true and correct without further proof." *Id*. at 1297. The Court stated that it was reasonable to conclude that the parties understood the conclusive effect of their stipulation in a future bankruptcy proceeding, and held that the consent judgment should be given collateral estoppel effect. *Id*. Therefore, the debt was not dischargeable. *Id*.

Here, however, the parties' agreed order did not specifically address the future treatment of the debt. Most importantly, the agreed order makes no mention of the issues before this Court and shows no admission of liability by the debtor. Therefore, collateral estoppel does not preclude the defendant's arguments.

Having found that collateral estoppel does not apply, the Court must now determine whether the plaintiff is nevertheless entitled to summary judgment.  The plaintiff attached copies of five documents from the lower state court proceeding along with a supporting affidavit from his counsel, Eugenia C. Hunter, who represented him in state court and who represents him now.  While not favored, an affidavit is not improper simply because it is signed by an attorney of record.  *Reed v. Aetna Cas. and Sur. Co., Inc.*, 160 F.R.D. 572, 576 (N.D.Ind. 1995).  In *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir.1987), the Court of Appeals stated that when counsel submits an affidavit, she must remember that the requirements of Rule 56(e) are mandatory and the failure to comply makes proposed evidence inadmissible during the consideration of the summary judgment motion.  Federal Rule of Civil Procedure 56 sets out the requirements an affidavit must meet.  The Rule states in relevant part:

> (e) Affidavits; Further Testimony.
>
> (1) *In General*.  A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.

Fed. R. Civ. Pro. 56.

Ms. Hunter's affidavit complies with the requirements of Rule 56.  In her affidavit, Ms. Hunter avers that she is competent to testify.  She then testifies that she was counsel to the plaintiff in the preceding state court action and that the copies of court documents attached as exhibits to the plaintiff's motion are true and correct copies of those documents in the state court record.  Since documents and exhibits identified by affidavit may be submitted to support a motion for summary judgment, *Federal Deposit Ins. Corp. v. Lauterbach*, 626 F.2d 1327, 1331 (7th Cir. 1980), both the affidavit and the exhibits identified by Ms. Hunter's written testimony are properly before the Court and may be considered in evaluating the plaintiff's Motion.

Defalcation, as used in § 523(a)(4), is a failure to account for money or property that has been entrusted to another. *Kress v. Kusmierek*, 224 B.R. 651, 656 (Bankr. N.D. Ill. 1998). As previously stated, to establish a debt as nondischargeable due to defalcation, a plaintiff must prove that an express trust existed, the debt was caused by fraud or defalcation, and the debtor acted as a fiduciary to the creditor at the time the debt was created. *In re Hodges*, 115 B.R. at 155. Defalcation results when the trustee unilaterally modifies the trust's terms and permission without permission of the trustor. *In re Pawlinski*, 170 B.R. 380, 390 (N.D. Ill. 1994).

The exhibits submitted by the plaintiff clearly establish that Myrtle Gale established a trust and named Thomas Gale as the trustee. *Exhibit A-3*, p. 1. They further establish that the Trust directed Thomas Gale, as the trustee, to distribute the proceeds of the Trust to himself, Robert Gale and Susan Kelly, in equal shares. *Exhibit A-1*, p. 5. The defendant provides no opposing evidence and, in fact, admits these facts as undisputed in his Objection to the Motion. Most importantly, the defendant admits that he acted contrary to the terms of the trust and distributed the proceeds of the Trust to himself and his sister, making no distributions to the plaintiff.

The defendant argues that the plaintiff received his portion of the trust property prior to the death of Mrs. Gale. He includes in his objection to the plaintiff's Motion excerpts from two letters that purport to show, through admissions by the plaintiff's previous lawyer, that the plaintiff received his portion of the trust prior to the death of his mother. At the hearing on this matter, the defendant's counsel submitted copies of the letters to the Court. Importantly, the defendant's objection was filed with this Court unsupported by affidavits and with unauthenticated exhibits. "When a party seeks to offer evidence through other exhibits, they

must be identified by affidavit or otherwise made admissible in evidence." *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985).

In *Martz*, the plaintiff moved for summary judgment. After filing a memorandum of law in support of his motion, the plaintiff filed an addendum consisting of letters from the Illinois Department of Insurance which purported to establish an element of his cause of action. The District Court granted the plaintiff's motion. On appeal, the Seventh Circuit held that the correspondence filed with the addendum was not supported by affidavit or otherwise authenticated. Therefore, in the form in which it was presented, it constituted inadmissible hearsay and the District Court could not properly have relied on the exhibits as submitted. Similarly, the defendant here sought to introduce letters without authentication or supporting affidavits. The letters submitted as exhibits at hearing are inadmissible hearsay and may not be relied upon by this Court. Accordingly, the defendant's argument fails.

The defendant next argues that in order for summary judgment to be awarded, proof of his fraudulent intent must be found. *Miller v. J.D. Abrams, Inc.*, 156 F.3d 598 (5th Cir. 1998). In *Miller*, the debtor appealed the District Court's decision that collateral estoppel precluded him from litigating the dischargeability of a debt. *Id*. at 600. The Fifth Circuit reversed the lower court's decision because neither the state court jury nor the state trial judge decided the debtor's intent. *Id*. Relying on *Miller*, the defendant here argues that because there is a material question of fact as to his fraudulent intent, summary judgment should be denied. *Miller*, however, is inapplicable as it states that intent is necessary for a finding of *embezzlement*. Here, the plaintiff is not arguing embezzlement but rather that the defendant defalcated funds due to the plaintiff. An objective standard is used to determine defalcation and no finding of intent or bad faith is

required.  *Kress v. Kusmierek*, 224 B.R. 651, 656 (Bankr. N.D. Ill. 1998).  Therefore, the defendant's second argument is likewise without merit.

    For these reasons, the Court finds that the plaintiff has met his burden of showing nondischargeability due to defalcation under § 523(a)(4).  The plaintiff's Motion for Summary Judgment is granted.

    SEE WRITTEN ORDER ENTERED THIS DATE.

ENTERED: October 19, 2009

                                        /s/ Kenneth J. Meyers
                                        UNITED STATES BANKRUPTCY JUDGE/4